UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA, | No. 2:15-cv-0885 TLN CKD PS |
| Plaintiff, | |
| v. | ORDER |
| SHAILESH JAWALE, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed an amended complaint.

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

It appears plaintiff is attempting to make a claim for dental malpractice. Plaintiff was previously advised that such a claim is a state cause of action and does not give rise to jurisdiction in this court. The amended complaint fails to cure this deficiency. If plaintiff chooses to amend the complaint once more, plaintiff must set forth the jurisdictional grounds upon which the court's

1  jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate
2  how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See <u>Ellis</u>
3  <u>v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).

4      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
5  make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended
6  complaint be complete in itself without reference to any prior pleading. This is because, as a
7  general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375
8  F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
9  longer serves any function in the case. Therefore, in an amended complaint, as in an
10 original complaint, each claim and the involvement of each defendant must be sufficiently
11 alleged.

12     In accordance with the above, IT IS HEREBY ORDERED that:
13     1. Plaintiff's amended complaint is dismissed; and
14     2. Plaintiff is granted thirty days from the date of service of this order to file a second
15 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
16 and the Local Rules of Practice; the second amended complaint must bear the docket number
17 assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an
18 original and two copies of the second amended complaint; failure to file a second amended
19 complaint in accordance with this order will result in a recommendation that this action be
20 dismissed.

21 Dated: June 16, 2015

                                               CAROLYN K. DELANEY
                                               UNITED STATES MAGISTRATE JUDGE

24 4 iegorova0885.lta2